Case 3:14-cv-05317-RS   Document 28   Filed 01/21/16   Page 1 of 9
Case 3:14-cv-05317-RS   Document 25   Filed 01/15/16   Page 1 of 9
01/14/2016  16:30  6503218649              PAL MARKET                    PAGE 01/09

## COURT-ENFORCEABLE SETTLEMENT AGREEMENT

## AND GENERAL RELEASE

### *Gerardo Hernandez v. San Mateo County Community College District*

### U.S. Dist. Ct., N.D. Cal., Case No. 14-5317 RS

This mutual settlement agreement and release ("Agreement") is entered into by Plaintiff, Gerardo Hernandez (hereafter referred to as "Mr. Hernandez" or "Plaintiff"), and Defendant San Mateo County Community College District, which includes without limitation the District's respective legislative bodies, the City Council, Board of Directors, and their members, and all departments, commissions, agents, agencies, boards, predecessors, successors, subsidiaries, related entities, employees (past, present, and future), elected officials, officers, directors, managers, agents, representatives, affiliates, assigns, and insurers (hereafter collectively referred to as the "District"), regarding Mr. Hernandez' claims against the District in United States Northern District of California Court Case Number C14-5317 RS (the "Lawsuit").

Plaintiff filed this action to enforce provisions of the Americans with Disabilities Act of 1990. ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against the District. Plaintiff claims that the District violated Title II of the ADA, Section 504 of the Rehabilitation Act, sections 51, 52, 54, and 54.1 of the California Civil Code, and sections 4450 and 11135 of California Government Code by allegedly failing to provide full and equal access to the District's facility known as Canada College ("Canada") located in Redwood City, California, and related facilities, including accessible parking, accessible restrooms, and accessible classroom facilities during Plaintiff's enrollment at Canada.

The District answered Plaintiff's Complaint, denying all of Plaintiff's allegations. The District asserts that it has provided program access and physical access to persons with disabilities within the subject matter areas of this lawsuit on a continuing basis for all relevant times. The District denies each and every allegation advanced by Plaintiff and, by entering into this Agreement does not admit liability to any of the allegations made by Plaintiff in the complaint filed in this action. This Agreement is not to be construed as an admission of liability by the District relating to any allegation in Plaintiff's complaint.

The Plaintiff and the District (the "Parties") now desire to resolve, fully and forever, any and all actual and potential grievances, disputes, controversies, claims, actions and lawsuits which exist among them, to settle all claims which were or could have been asserted by one against the other; and to dismiss the Lawsuit with prejudice, in order to avoid the uncertainties and expense of further litigation.

Case 3:14-cv-05317-RS   Document 28   Filed 01/21/16   Page 2 of 9
Case 3:14-cv-05317-RS   Document 25   Filed 01/15/16   Page 2 of 9
01/14/2016  16:30    6503218649           PAL MARKET                       PAGE  02/09

THEREFORE, the Parties agree as follows.

## I. INJUNCTIVE RELIEF

**1. Scope of Corrective Work**

The District agrees that it will perform the modifications set forth in **Exhibit A** (barrier removal implementation plan) and the list of other corrections and policies as set forth in **Exhibit B**. Both **Exhibits A and B** are attached and incorporated herewith.

**2. Timing of Corrective Work**

The timing of completion for work is described in **Exhibit A**. **Exhibit B** policy changes will be made within six (6) months of execution of the Court's Order on this Agreement.

In the event that the Dsistrict is unable to complete the corrective work as set forth in **Exhibits A and B** pursuant to the dates indicated, notwithstanding a good faith effort to complete the work, the District will notify Plaintiff's counsel in writing within fourteen (14) business days of any delay and the cause for the delay. Plaintiff will not unreasonably withhold consent for a reasonable extension of time to complete the modifications and barrier removal, but maintains the right to seek a motion to enforce this Agreement, including the right to seek statutory attorney fees, litigation expenses and costs in the event the modifications and corrective work are not completed pursuant to the schedule described above. Resolution of disputes regarding the scope and timing of corrective work are detailed below in Section IV.

**3. Meet and Confer for Items Not Approved by Bond Measure and Items Not Approved by Division of State Architect**

In the event that the proposed Bond measure does not pass or the Division of State Architect ("DSA") does not approve any work submitted by the District to comply with this Agreement, the District will notify Plaintiff through his undersigned counsel within fourteen (14) business days of the Bond measure results or the District's receipt of DSA's decision. After receiving notice from the District, Plaintiff will have thirty (30) business days to investigate and meet and confer with the District, and to approve the delay by stipulation or otherwise respond to the District's notice. The below provisions in Section IV of this Agreement will then govern the dispute resolution process. If, after that process, the Parties still cannot reach agreement regarding how to address the items not approved, the Parties agree to further mediation with The Honorable James Lambden (Ret.) or another mutually-agreeable mediator. Plaintiff reserves the right to seek additional attorney fees, litigation expenses, and costs related to any further mediation.

**4. Technical Infeasibility**

If any of the work to be performed is technically infeasible under the ADA, the District shall be entitled to be excused from performing such work to the extent it is technically infeasible. In the event the District asserts that any work is technically infeasible, the District shall provide written notice to Plaintiff's counsel identifying the work that District asserts is technically infeasible and the extent to which the District asserts it is technically infeasible, together with the reasons that

the District considers it to be technically infeasible. Plaintiff's counsel thereafter shall advise the District's counsel in writing as to whether Plaintiff agrees that the work is technically infeasible and the extent to which it is technically infeasible. If Plaintiff and the District do not agree on whether the work is technically infeasible or the extent to which it is technically infeasible, either party may seek Dispute Resolution as set forth in Section IV.

5.  **Excusable Delay**

The District shall be entitled to an extension of time to complete any portion of the work not completed within the time frame set forth in this Agreement if the failure to complete any such work is due to causes for which the District is not at fault and which is beyond the District's reasonable control. In the event the District asserts entitlement to an extension of time to complete any work, the District shall provide written notice to Plaintiff's counsel identifying the work for which the District seeks an extension and stating the causes for which the District asserts entitlement to an extension of time, the reasons that the causes are without its fault and are beyond its control, and the extension time period to which it asserts entitlement. Plaintiff's counsel thereafter shall advise the District's counsel in writing as to whether Plaintiff agrees to the extension of time and, if it so agrees, the time period to which it agrees. If Plaintiff and the District do not agree on whether the the District is entitled to an extension of time or the time period for performance, either party may seek Dispute Resolution as set forth in Section IV.

## II.   MONETARY PAYMENT

The terms of settlement for Plaintiff's damages, attorney fees, litigation expenses, and costs are described in **Exhibit C**, which shall not be filed with the Court.

## III.  MUTUAL RELEASE AND WAIVER

1.   Each of the Parties to this Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Agreement is signed. Except for all obligations required in this Agreement and the unresolved issues stated herein, the Parties intend that this Agreement apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Agreement. Therefore, except for all obligations required in this Agreement, this Agreement shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Agreement with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY

AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

2.   Except for all obligations required in this Agreement, each of the Parties to this Agreement, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit including the following: (1) any and all such claims made in the subject matter areas of the Lawsuit; (2) any and all such claims not made in the Lawsuit but could have been made in the subject matter areas of the Lawsuit; and (3) any and all such claims arising out of any and all incidents in which Plaintiff encountered or could have encountered barriers to access (including physical and programmatic access) at any and all locations at Canada at any time prior to the execution of this Agreement.

### IV.   DISPUTE RESOLUTION

1.   The Parties will negotiate in good faith to resolve any dispute relating to the interpretation or implementation of this Agreement.

2.   In the event Plaintiff believes that the District is not in compliance with the terms of this Agreement, Plaintiff will notify the District in writing of the alleged noncompliance.

3.   The District will have thirty (30) days, following receipt of the notification, to respond to Plaintiff in writing concerning the alleged violations or noncompliance.

4.   Following Plaintiff's receipt of the District's response, if any, to any alleged violations or noncompliance, the Parties will negotiate in good faith for at least fifteen (15) days to resolve their differences.

5.   If the Parties are unable to resolve the dispute(s) after the process outlined above in Section IV.1.-4, the Parties agree to submit the dispute(s) to mediation with The Honorable James Lambden (Ret.). If the dispute(s) has/have not resolved at mediation, the Parties agree to continue negotiating for at least ten (10) days after mediation concludes.

6.   Plaintiff agrees not to file any motion or other legal action to enforce this Agreement until this dispute resolution process has been completed and then only if the alleged violations or noncompliance have not been corrected as a result of the dispute resolution effort by the Parties. Any motion or other legal action to enforce this Agreement will be brought in the Court in which this action is currently pending.

//
//
//

### VI.   MISCELLANEOUS

Case 3:14-cv-05317-RS   Document 28   Filed 01/21/16   Page 5 of 9
Case 3:14-cv-05317-RS   Document 25   Filed 01/15/16   Page 5 of 9
01/14/2016  16:30     6503218649              PAL MARKET                         PAGE  05/09

1. **Entire Agreement**

This Agreement and Attachments A and B express and constitute the complete and final understanding of the Parties with respect to the subject matter of their agreement, and the terms of this Agreement are contractual. The Parties hereto understand and agree that the terms of this Agreement supersede any prior discussions, understandings, or agreements, whether orally or in writing, between them related to the subject matter hereof.

2. **Interpretation**

The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties. The headings in this Agreement are solely for convenience and shall not be considered in its interpretation. Where required by context, the plural includes the singular and the singular includes the plural, and the terms "and" and "or" shall mean "and/or." This Agreement is the product of negotiation and joint drafting so that any ambiguity shall not be construed against any party. This Agreement shall be construed and enforced pursuant to the laws of the State of California.

3. **Severability**

In the event any portion of this Agreement is deemed to be unenforceable, or is in conflict with applicable law, the remainder of this Agreement will be enforced and will remain in full force and effect.

4. **Additional Documents**

To the extent any documents are required to be executed by any of the Parties to effectuate this Agreement, each party hereto agrees to execute and deliver such and further documents as may be required to carry out the terms of this Agreement.

5. **Authority to Bind**

Each signatory to this Agreement certifies that it, he, or she is fully authorized by the party it, he, or she represents to enter into this Agreement to execute it on behalf of the party represented, and to legally bind that party thereto.

6. **Disputed Claims**

This Agreement is a compromise and settlement of disputed claims, and nothing in this Agreement shall be construed at any time as an admission of liability on the part of the District.

7. **Reliance Upon Own Judgment**

Plaintiff relies wholly upon his own judgment, beliefs and knowledge of the nature, extent and duration of his damages, if any, and acknowledges that he has not been influenced to any extent whatever in making this agreement by any representations or statements regarding said damages or any other matters, made by the District in this case, or by any person or persons representing it.

8. **Non-Publicity of Monetary Settlement**

Plaintiff and his attorneys represent that they will not disclose the monetary amounts of settlement to any third parties except as may be required by court order and during settlement conferences and mediations in other cases handled by Plaintiff's attorneys.

9. **Attorneys Fees**

Except as otherwise set forth herein, Plaintiff and the District shall bear their own costs and attorneys' fees.

10. **Warranties**

Plaintiff warrants that the settlement evidenced by this Agreement and the execution of this Agreement has been approved and authorized by Plaintiff. The representative signing for the District warrants that the agreement has been approved by the Board and insurer(s) of the District.

11. **Representation**

Plaintiff and the District acknowledge that they have been represented by independent legal counsel of their own choice, that this Agreement was prepared with the joint input of counsel, and shall not be construed in favor of or against any party to the Agreement. Plaintiff further acknowledges that this Agreement was executed freely and voluntarily and with the consent of and on the advice of independent legal counsel. Plaintiff hereby does authorize and direct his attorney of record to dismiss the District and this lawsuit with prejudice once full payment described herein is delivered to Plaintiff's counsel.

12. **Assignment**

All Parties warrant that no claims or causes of action arising out of the event or occurrences recited herein have been assigned to any other person or entity.

13. **Successors-In-Interest**

This Agreement shall be binding on Plaintiff, the District and any of the Parties' respective agents, assigns, attorneys, heirs, personal representatives, executors, trustees, and successors-in-interest. The District has a duty to so notify all such successors-in-interest of the existence and terms of this Agreement during the period prior to completion of all settlement terms described in this Agreement.

14. **Signatures**

The Parties agree to execute in counterparts, with the same force and effect as if executed in a single, complete document. Facsimile or PDF signatures shall have the same force and effect as original signatures.

Case 3:14-cv-05317-RS Document 28 Filed 01/21/16 Page 7 of 9
Case 3:14-cv-05317-RS Document 25 Filed 01/15/16 Page 7 of 9
01/14/2016 16:30   6503218649                PAL MARKET                        PAGE   07/09

**15.   Pagination**

This agreement consists of nine (9) pages with signatures contained on Page 8 and the Order on Page 9.

Case 3:14-cv-05317-RS   Document 28   Filed 01/21/16   Page 8 of 9
Case 3:14-cv-05317-RS   Document 25   Filed 01/15/16   Page 8 of 9
01/14/2016  16:30    6503218649                PAL MARKET                         PAGE  08/09

"PLAINTIFF"

Date: 1/14/16

By: _____
Gerardo Hernandez

Reviewed and approved as to form:

LAW OFFICES OF PAUL L. REIN

By: _____
Catherine Cabalo

"DEFENDANTS"

Date: 1/14/2016

By: _____
SAN MATEO COUNTY COMMUNITY
COLLEGE DISTRICT
   Print Name: Kathy Blackwood
   Title: Executive Vice Chancellor

Reviewed and approved as to form:

SAN MATEO COUNTY COUNSEL

By: _____
Kristina M. Paszek, Deputy

Case 3:14-cv-05317-RS   Document 28   Filed 01/21/16   Page 9 of 9
Case 3:14-cv-05317-RS   Document 25   Filed 01/15/16   Page 9 of 9
01/14/2016  16:30    6503218649              PAL MARKET                          PAGE  09/09

# ORDER

Pursuant to the above Court-Enforceable Settlement Agreement and Release, and for good cause shown, the Court shall retain jurisdiction of this action to enforce provisions of this Agreement for eighteen (18) months after the date of entry of this Order by the Court, or until all injunctive relief is completed and payment of Plaintiff's damages, attorney fees, litigation expenses and costs is made in full, whichever occurs later.

Dated: 1/21/2016

_____
Honorable RICHARD SEEBORG

United States District Court Judge